## CUNY DURHAM v. THE STATE.

No. 16940. Delivered October 17, 1934.
Reported in 75 S. W. (2d) 258.

The opinion states the case.

*Geppert, Geppert & Victery,* of Teague, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful transportation of intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

It is charged in the indictment that appellant "did then and there unlawfully transport spirituous, vinous and malt liquor capable of producing intoxication."

A reversal of the judgment of conviction is sought upon the ground that the charge of the court was couched in the following language: "Cuny Durham did * * * transport liquor capable of producing intoxication unlawfully."

The evidence shows that at the time of his arrest, the appellant was transporting about fourteen gallons of whisky. Conceding that under a different state of facts the language embraced in the court's charge describing the offense might be of questionable sufficiency, the language cannot avail the appellant when considered in the light of the evidence. The indictment charges that appellant transported "spirituous, vinous and malt liquor capable of producing intoxication." Whisky, which the evidence showed that appellant did transport, is obviously within the term of the charge in the indictment. Because the court used different language, the charge under the facts of the present appeal cannot be regarded as harmful error. This court is forbidden to reverse a conviction on account of the charge which under the facts could not be harmful to the accused. See article 666, C. C. P., 1925.

We find in the record one bill of exception which complains of the reception of the officer's testimony to the effect that he found a quantity of whisky in the appellant's car. That there should be a reversal because the liquor was found without a search warrant is not tenable. According to his testimony, the officer had information that the appellant was transporting liquor at least that the car in which he was riding was transporting liquor. Upon approaching the appellant the officer asked: "How much have you?" Appellant replied: "Fourteen and one-half gallons." Subsequent examination of the car verified the appellant's statement that he had fourteen and one-half gallons of whisky therein. We are clearly of the opinion that the officer's testimony was admissible although he had no search warrant.

The claim by exception to the court's charge that the jury should have been instructed to find the appellant not guilty is not deemed sound. A special requested charge to the same effect was properly refused.

The motion for new trial presents no question which we think requires discussion save that complaining of the description of the offense which we have hereinabove mentioned.

It would be useless to give a detailed statement of the evidence introduced and heard by the jury. Suffice it to say that from the State's standpoint; the offense was established by the testimony of Wasson, the arresting officer, to the effect that on a highway which he described the appellant was arrested while traveling in a Ford automobile in which there was a quantity of whisky. Appellant did not testify. Neither did he produce any tangible evidence controverting the facts upon which the State relied.

Upon the record before us, we are constrained to order an affirmance of the judgment. It is so ordered.

*Affirmed.*